MELISSA McDONALD,

     Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH
AMERICA,

     Defendant.

Civil Action No.

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

Plaintiff, Melissa McDonald, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay short-term disability (STD) and long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2.     The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

1

3. Venue is proper within the Western District of North Carolina pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Melissa McDonald, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Mecklenburg County, North Carolina.

5. Defendant Life Insurance Company of North America (hereinafter "LINA"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the North Carolina Department of Insurance, Attn: Mike Causey, Commissioner, as Registered Agent, 1201 Mail Service Center, Raleigh, NC 27699-1201.

6. Defendant LINA is the party obligated to pay benefits and to determine eligibility for benefits under Group Short-Term Disability Policy No. SHD-0985484 and Group Long Term Disability Policy No. LK-966360, issued by LINA to ICON Clinical Research, LLC.

## FACTS

7. Plaintiff was employed by ICON Clinical Research, LLC ("ICON").

8. By virtue of her employment, Plaintiff was enrolled in the ICON Clinical Research, LLC's STD and LTD Plans, which are ERISA employee welfare benefit plans (the "Plans").

9. Benefits under the Plans are insured by LINA under Group Short-Term Disability Policy No. SHD-0985484 and Group Long Term Disability Policy No. LK-966360, issued by LINA to ICON.

10. Plaintiff is a participant or beneficiary of the Plans.

2

11. Plaintiff ceased work due to a disability related to her medical conditions, including Relapsing-Remitting Multiple Sclerosis and associated conditions, on August 8, 2024, while covered under the Plans.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plans and relevant policies.

13. Plaintiff filed an application for STD benefits under the Plans.

14. LINA approved Plaintiff's application and paid benefits from August 15, 2024 until December 31, 2024.

15. By letter dated April 25, 2025, LINA terminated Plaintiff's STD claim.

16. Plaintiff appealed the termination of her benefits by letter dated May 2, 2025, and over the next several months, provided LINA with evidence supporting that appeal, including opinions from her treating neurologist, statements from people who have personal knowledge of her condition, evidence related to the demands of her occupation, and medical records.

17. On December 8, 2025, LINA denied her appeal, and stated that its decision related to her STD benefits was final.

18. Plaintiff then retained present counsel and on January 6, 2026, in her counsel's initial letter to LINA, Plaintiff filed her application for LTD benefits with LINA.

19. LINA had 45 days from its receipt of Plaintiff's application to render its decision, or until February 20, 2026, pursuant to the ERISA Regulations, 29 C.F.R. § 2560.503-1(f)(3).

20. LINA did not make a decision by February 20.

21. However, despite LINA's failure to provide a timely decision, Plaintiff agreed to extend LINA's deadline when she submitted additional evidence for its review on March 13, 2026 (her "Additional Evidence Letter").

22.     In her Additional Evidence Letter, she submitted a detailed medical opinion from her treating specialist Dr. DuBois, an objective neuropsychological examination report by Dr. Keith Ganci, a vocational assessment by Ashley Johnson, CRC, confirming Plaintiff cannot perform her occupation, updated medical records from Plaintiff's medical providers, and other evidence.

23.     Plaintiff's Additional Evidence Letter confirmed that Plaintiff was agreeing to extend LINA's decision by 45 days from the date of submission, and specifically stated that this agreed extension made the new deadline April 27, 2026.

24.     To date, over 48 after the date Plaintiff agreed to extend the deadline, and over 114 days after Plaintiff applied for LTD benefits, LINA has not issued a decision on Plaintiff's claim and so has failed to act on Plaintiff's claim within the time deadlines required by 29 C.F.R. § 2560.503-1.

25.     As a result, LINA has failed to provide a reasonable claims procedure that would yield a timely decision on the merits of Plaintiff's LTD claim.

26.     29 C.F.R. § 2560.503-1(l) states that an ERISA administrator's failure to strictly adhere to all requirements of the Department of Labor's ERISA Claims Procedure Regulations with respect to a claim will result in the claimant being deemed denied without the exercise of discretion.  *See* 29 C.F.R. § 2560.503-1 (1)-(2).

27.     Accordingly, under 29 C.F.R. § 2560.503-1 (1)-(2), Plaintiff pursues her available remedies under § 502(a) of the ERISA on the basis that Defendants have failed to provide a reasonable claims procedure that would yield a timely decision on the merits of the LTD claim.

28. Plaintiff's administrative remedies under the LTD Plan was deemed exhausted without the exercise of discretion because of LINA's violations of 29 C.F.R. § 2560.503-1 as outlined above.

29. Due to LINA's failure to establish and follow reasonable claims procedures and because LINA never provided a decision on the merits of Plaintiff's LTD claim, Plaintiff is entitled to *de novo* review of her entitlement to those benefits.

30. Plaintiff has exhausted her administrative remedies under the STD and LTD Plans.

31. The STD and LTD Plans do not contain an appropriate grant of discretion to LINA, therefore the Court should review LINA decision under the de novo standard of review.

32. LINA would pay any benefits due out of its own funds.

33. LINA owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

34. LINA was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

35. LINA allowed its concern over its own funds to influence its decision-making.

36. LINA breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

37. Under the terms of the Plans and policy, Defendant agreed to provide Plaintiff with STD and LTD benefits in the event that Plaintiff became disabled as defined by the Plans.

38. Plaintiff made a timely claim for benefits under the terms of the Plans.

5

39. Plaintiff is disabled and entitled to benefits under the terms of the Plans.

40. Defendant failed to provide benefits due under the terms of the Plans, and these denials of benefits to Plaintiff constitute breaches of the Plans.

41. The decision to deny STD benefits was wrong under the terms of the Plans.

42. The decision to deny STD benefits and decision-making processes were arbitrary and capricious.

43. The decision to deny STD benefits was influenced by the Defendant's financial conflict of interest.

44. The decision to deny STD benefits was not supported by substantial evidence in the record.

45. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

46. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

### **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

6

4.      An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5.      Plaintiff's reasonable attorney fees and costs; and/or

6.      Such other relief as this court deems just and proper.

Dated this 30th day of April, 2026.

Respectfully submitted,

BY: *s/ Paul T. McChesney*
Paul T. McChesney (NC Bar#45004)
930 South Pine Street
Spartanburg, SC 29302
(864) 582-7882
Fax (864) 583-3506
service@carolinadisabilities.com